Taliaferro, J.
This is a suit for slander and defamation of character. The plaintiff, who is the pastor of a Methodist church at Alexandria, complains that, on a public street in that town, he was met by the defendant, who wantonly and maliciously abused and slandered him, by repeatedly calling him “ a damned thief,” and applying to him other slanderous epithets in the presence and hearing of a number of persons, one of whom is a member of the church presided over by the plaintiff. He claims damages against the defendant for the sum of two thousand dollars.
The defendant puts in a general denial, and alleges that if on the occasion referred to in plaintiff’s petition the defendant did use harsh language in reference to the plaintiff, he was justified in so doing by having previously received insult and abuse of an outrageous character from the plaintiff.
The case was tried before a jury, who found a verdict against the defendant for one thousand dollars, from which he has taken this appeal.
*198 An exception was taken to the panel of jurors drawn for the May term of the district court. The objection is that under the act of 1868, Revised Statutes 2127, the jury must be drawn by the parish judge, clerk and sheriff; that the drawing for the said term was made by the parish judge, clerk, recorder and sheriff. The objection, we think, has no weight. All the officers required by law to draw the panel for the May term were present and officiated in the act. The placing in the order of the judge for the drawing at that term the additional officer, the “recorder,” was, doubtless, an oversight of the judge, and may be regarded as surplusage. The objection was properly overruled.
There are two other bills of exception in the record, which it is unnecessary for us to pass upon.
We have in the record before us a mass of testimony taken on the trial of the case in the court below, which displays the existence of much acrimony of feeling among the friends of the parties to this suit, who are colored men of respectable standing in the community in which they reside. We find nothing in the evidence and an attentive review of the case that authorizes us to alter the verdict and judgment of the lower court.
Judgment affirmed.